# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2965

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Raul Betancourt-Sanchez, also known | * | District of Nebraska. |
| as Raul Sanchez, also known as Raul | * | |
| Sanchez-Betancourt, also known as | * | [UNPUBLISHED] |
| Jorge Betancourt-Nunez, also known as | * | |
| Jorge Betancourt, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 6, 2000

Filed: April 12, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Following a conditional guilty plea to a drug-conspiracy charge, Raul Betancourt-Sanchez challenges the district court's[1] denial of his motion to suppress statements. He argues the officers lacked probable cause to arrest him without a warrant.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

We conclude probable cause existed to arrest Mr. Betancourt-Sanchez for illegal re-entry following deportation, given the totality of the circumstances: (1) the police were conducting a drug investigation of a "Raul Betancourt" and an officer had called an Immigration and Naturalization Service (INS) agent, because the police believed the suspect being investigated had been deported previously after a drug conviction; (2) the INS agent uncovered "Raul Sanchez-Betancourt's" record of an arrest for drug trafficking, alien registration number, and drug-trafficker deportation information; (3) the INS agent requested this person's detention; and (4) when confronted with a police photo of the person known to police as "Raul Betancourt," Mr. Betancourt-Sanchez admitted to the arresting officer that he was "Raul," the person in the photo. See Kuehl v. Burtis, 173 F.3d 646, 648 (8th Cir. 1999) (probable cause to arrest is assessed under totality of circumstances); United States v. Morgan, 997 F.2d 433, 436 (8th Cir.1993) (probable cause to arrest may be based on officers' collective knowledge); United States v. Travis, 993 F.2d 1316, 1323 (8th Cir.) (officers may make warrantless arrests when they have probable cause to believe suspect has committed felony, and probable cause exists when officers possess information warranting prudent person in believing suspect had committed or was committing offense), cert. denied, 510 U.S. 883 and 510 U.S. 889 (1993); United States v. Morales, 923 F.2d 621, 624 (8th Cir. 1991) (while bare suspicion of criminal activity is insufficient to establish probable cause, police need not have enough evidence to justify conviction before making warrantless arrest).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.